L. O. CARLETON, Respondent, v. J. M. MAYES, Appellant.

Kansas City Court of Appeals, June 15, 1885.

JUDGMENT AFFIRMED.—The evidence in this case wholly failed to establish the defence alleged in the answer. The judgment of the circuit court was correct.

APPEAL from Bates Circuit Court, HON. JAS. B. GANTT, J.

*Affirmed.*

Statement of case by the court.

From 1878 to 1881 the plaintiff and defendant were partners under the firm name of Carleton and Mayes. In the latter year the partnership was dissolved by agreement of parties, Mayes giving to Carleton for the latter's interest in the firm his promissory note for $890.50, and assuming all the firm's indebtedness. This suit is brought by the plaintiff upon the note thus executed by defendant. The defence set up in the answer is that the plaintiff was guilty of certain fraudulent conduct in the management of the firm's business, and that the plaintiff, at the time of the settlement aforesaid, made certain false and fraudulent representations as to the condition of the firm's business, and that through ignorance of said conduct of plaintiff and relying upon said representations, the defendant was induced to make said settlement and execute said note.

The circuit court rendered judgment in favor of plaintiff, from which defendant has appealed to this court.

JOHN T. SMITH, for the appellant.

I. The evidence in this case to establish the facts stated in the answer is mostly circumstantial, but taken as a whole, giving to each part its due weight, certainly necessitates a reversal of the judgment. The defendant did not know of any leak in the affairs of the firm, and plaintiff did well know of the state of accounts and suppressed it, else the trade would not have taken place and the note sued upon would not have been given. As to the plaintiff, in his representations when the trade was made, "either his arithmetic or else his memory must be greatly at fault." *Boyen v. Tucker*, 70 Mo. 457.

II. The principles applicable to this case are clearly stated in *Weldon v. Jones, ex' c'r* (79 Mo. 170.) It is not necessary to argue the question of the duties that one partner owes another as to stating correctly the condition of the firm's business, whether it is with a view to sale or not.

A HENRY, for the respondent.

I. There is but one legal question in this case, and that is whether a *contract* made between persons on an equal basis, which afterwards proves to be unprofitable to one of them is *illegal on that account*. The affirmative of this question was never held by any court of record, and it is not necessary to cite authority on the negative side, as it is known that in all business transactions in the civilized world one usually makes and the other loses.

II. The evidence of defendant shows that the transaction was open, fair and unconditional in its terms. If the debts of the firm had been less than they both supposed he was to have the benefit of it, and the bills the firm owed were all in the store when the trade was made, but they "thought it troublesome to look over them and chose to guess at their amount." He admits he knew plaintiff for twelve years and knew him to be an honest man, as all the men who knew him did. All the other evidence as to these facts is similar.

Opinion by HALL, J.

The evidence in this case wholly failed to establish the defence alleged in the answer. The judgment of the circuit court was correct.

The judgment of the circuit court is affirmed. All concur.